**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Valencia Amos,

     Plaintiff(s),

v.

Zoox ⏐ Manpower Group Inc.,

     Defendant(s).

Case No. 2:26-cv-01677-MMD-NJK

**Order**

[Docket Nos. 4, 5]

On June 4, 2026, the Court denied without prejudice Plaintiff's application to proceed *in forma pauperis*. Docket No. 3. The Court therein noted it appeared very unlikely that Plaintiff will qualify for pauper status given her income, but declined to resolve the application on its merits because it was incomplete. *See id.* at 1. The Court ordered Plaintiff to either pay the filing fee or file a renewed application to proceed *in forma pauperis*. *Id.* The Court warned Plaintiff to ensure that the renewed application was filled out completely and that failing to comply with that order may result in dismissal of this case. *Id.* at 1-2.

Plaintiff responded by filing two additional applications to proceed *in forma pauperis*. Docket Nos. 4 (second application), 5 (third application). As a threshold matter, Plaintiff is advised that she must seek relief only once. Filing duplicative or repetitive requests can result in confusion, cluttering of the docket, and delay. The Court will address herein only the third application, as it effectively moots the second application.[1] The third application remains incomplete. For example, although Plaintiff references credit card debts elsewhere on the docket, *see* Docket No. 4 at 2, the third application does not identify any such debts or the corresponding monthly payments, *see* Docket No. 5 at 4. Similarly, although Plaintiff elsewhere references

_____

[1] Although the information contained therein is at times different, the Court notes that the second application is also incomplete and deficient.

1

monthly rent and utilities payments, *see* Docket No. 4 at 2, the third application does not identify those payments, *see* Docket No. 5 at 4. The third application also appears to be incorrect or--at the very least—inconsistent with Plaintiff's attestations elsewhere. Most significantly, Plaintiff now attests to receiving <u>gross</u> monthly income of $3,500, Docket No. 5 at 1,[2] even though she has already attested to more income elsewhere, *see, e.g.*, Docket No. 1 at 1. Lastly, the Court again notes that Plaintiff has substantial income and can apparently afford monthly rent of nearly $2,800. *See* Docket No. 4. Those are not generally the kinds of circumstances in which a litigant is deemed a pauper. *Cf. Fuller v. N.C.A.A.*, 2026 WL 529825, at *1 (D. Nev. Feb. 10, 2026), *adopted*, 2026 WL 528207 (D. Nev. Feb. 25, 2026) (Du, J.).

Accordingly, the Court **DENIES** the third application as incomplete and potentially inaccurate, and **DENIES** the second application as moot. Mindful that Plaintiff appears to seek a payment plan as an alternate form of relief, *see* Docket No. 4 at 2, the Court will provide Plaintiff the opportunity to present a proposed payment plan in the form of a motion filed by July 16, 2026. Such a motion must identify a particular schedule whereby the full $405 would be paid within four months. If a motion for a payment plan is not filed, Plaintiff must, no later than July 30, 2026, either pay the full filing fee or file a <u>complete and accurate</u> application to proceed *in forma pauperis*. Any further renewed application to proceed *in forma pauperis* must be filed on the <u>long-form</u> and Plaintiff must read the instructions carefully. **Failure to comply with this order may result in dismissal.** The Clerk's Office is **INSTRUCTED** to send Plaintiff the long-form application to proceed *in forma pauperis* used for non-prisoners.

IT IS SO ORDERED.

Dated: July 2, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The application specifies that Plaintiff must identify gross monthly income, meaning the amount "before any deductions for taxes or otherwise." Docket No. 5 at 1.